IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02156-MSK-CBS

CONNIE GRENEMYER

        Plaintiff,

v.

STACY L. McFADIN, and
LAURIE D. McFADIN, d/b/a Two Bar West,

        Defendants.

---

## OPINION AND ORDER GRANTING MOTION TO STAY ACTION

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss,

or in the alternative, to Stay (**# 6**), the Plaintiff's response (**# 7,** as supplemented **# 8, 10**), and the

Defendants' reply (**# 9,** as supplemented **# 11**).

The Plaintiff commenced this action in the Colorado District Court for Denver County on

or about September 10, 2008. In the Complaint (**# 2**), the Plaintiff alleges that she is engaged in

the business of wholesale sales of women's handbags and accessories to retailers. She works

from a location in Denver, Colorado, and distributes products primarily to the Rocky Mountain

states, although she has arranged sales in other locations as well. Beginning in 1995, the

Plaintiff entered into an agreement with the Defendants, residents of Texas engaged in the

manufacture of a particular brand of handbags, to sell the Defendants' bags. The parties'

agreement soured in January 2008, and the Defendants terminated their agreement with the

Plaintiff.

The Plaintiff contends that the Defendants owe her certain commissions and expenses earned and incurred during the life of the agreement that remain unpaid.  The Complaint alleges 5 claims: (i) breach of contract; (ii) a "claim" for treble damages and attorney fees under C.R.S. § 12-66-103 (a provision allowing special remedies in actions by a wholesale sales representative to recover unpaid commissions from a manufacturer); (iii) promissory estoppel, arising out of the same failure to pay accrued commissions and expenses; (iv) unjust enrichment, arising out of the same facts; and (v) a claim entitled "special damages," in which the Plaintiff apparently seeks the costs of moving sample merchandise to a storage unit after the Defendants failed to reclaim them.

The Defendants move **(# 6)** to dismiss this action, as approximately 40 days before the Plaintiff filed the instant Complaint here, the Defendants had initiated suit against the Plaintiff in the United States District Court for the Western District of Texas.  In the Texas suit, the Defendants (there plaintiffs) alleged: (i) a variety of claims sounding in trademark and copyright infringement; (ii) a claim for breach of contract, in that the Plaintiff has failed to return the Defendants' sample merchandise in her possession; (iii) a claim for conversion arising out of the Plaintiff's retention of the sample merchandise; and (iv) a number of claims sounding in conspiracy, breach of fiduciary duty, and theft of the Defendants' trade secrets. The Defendants contend that under the "first to file rule," the court presiding over a later-filed action involving the same parties and issues should defer to the court presiding over the earlier-filed action.  The Defendants argue that this deference should take the form of dismissal, or at the very minimum, a stay, of this action in favor of the Texas action.

In response **(# 7)**, the Plaintiff noted that she had raised several jurisdictional and venue

objections in the Texas case, and had filed this action in order to preserve her claims should the

Texas suit be dismissed.  She agreed in principle with the Defendants' invocation of the "first to

file rule," but opposed outright dismissal of the claims here, arguing that the Texas suit was

likely doomed.  However, she agreed that a stay of this action pending the Texas court's

adjudication of those jurisdiction issues was appropriate.

On January 26, 2009, the Texas court granted the Plaintiff's motion to dismiss that suit,

finding that Texas lacked personal jurisdiction over her.[1]  The Defendants promptly filed an

appeal of that decision to the United States Court of Appeals for the Fifth Circuit.  According to

the most recent status report **(# 23)** by the parties, the appeal has been fully briefed but has not

yet been set for oral argument or decided.

From the briefing, the Court understands that the parties are in agreement that the "first to

file rule" exists in the 10th Circuit.  *See generally Mohr v. Margolis, Aisnworth & Kinlaw*

*Consulting,* 434 F.Supp.2d 1051, 1061 (D. Kan. 2006), *citing Buzas Baseball Inc. v. Board of*

*Regents*, 1999 WL 682883 (10th Cir. Sept. 2, 1999) (unpublished); *see also OpenLCR.com, Inc.*

*v. Rates Technology, Inc.*, 112 F.Supp.2d 1223, 1231 (D. Colo. 2000).  Moreover, the Court

understands the Plaintiff to essentially concede that the cases here raise sufficiently similar

substantive issues such that invocation of the rule would be appropriate, but for the jurisdictional

---

[1]As a result of dismissing the claims against the Plaintiff on jurisdictional grounds, the
Texas court did not reach the Plaintiff's alternative request to transfer venue of that claim to
Colorado.

defects in the Texas action.[2]   Thus, this Court need only determine how to proceed in light of the

pending appeal from the dismissal of the Texas case.

The matter is a fairly simple one: if the Texas case is reinstated (and, presumably, the

Texas court denies the Plaintiff's motion to transfer venue to Colorado), this Court would be

inclined to grant the Defendants' motion and dismiss the claims here in deference to them being

pursued in the Texas action.  It does not appear that the Texas suit was brought in bad faith and

the claims raised by the Plaintiff here fall squarely within the same core set of facts that underlie

the Defendants' claims in the Texas suit.  Thus, should the Fifth Circuit resurrect the Texas case,

and should the Texas court ultimately determine that the case will proceed in that forum, this

Court would grant the Defendants' motion and dismiss the claims herein, to be asserted as

counterclaims in the Texas suit.  On the other hand, if the Fifth Circuit affirms the Texas court,

or if, upon reversal and remand, the Texas court decides to transfer venue of the case to

Colorado, the Defendants' motion would thus be rendered moot.

Thus, the Court concludes that outright dismissal of the claims would be improvident at

this time, as would proceeding with this case while the Fifth Circuit considers the appeal of the

Texas case.  The appropriate course of action, then, is to grant the Defendants' motion in part,

staying all proceedings in this case until the appeal is resolved.  Moreover, if a reversal is

---

[2]The Plaintiff's response to the Defendants' motion did not argue, for example, that the cases do not actually overlap, that their differences outweigh their similarities, or that the Defendants' proceeding in Texas is a sham proceeding brought solely to seize the temporal advantage.  *See e.g. OpenLCR.com*, 112 F.Supp.2d at 1230-31.  The Plaintiff makes a brief argument that she was not properly served with process in the Texas action until after she had commenced this suit, but cites no authority for the proposition that the date of effective service of process, rather than filing, is the date by which a case is deemed "earlier-filed" or "later-filed."

granted, the stay shall remain in effect until the Texas court resolves (or expresses its intention

not to consider) the Plaintiff's request for a transfer of venue.

Because there will be no activity taking place in this action, the Court will instruct the

Clerk to administratively close this case, allowing either party to move to reopen it upon the

happening of the appropriate trigger event.

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 6)** is **DENIED IN

PART**, insofar as the Court declines to dismiss this action, and **GRANTED IN PART**, insofar

as all proceedings in this action shall be **STAYED** pending resolution of the appeal pending

before the Fifth Circuit and, if necessary, the Plaintiff's motion to transfer venue in the Texas

action.  Pending such action, the Clerk of the Court shall administratively close this case.

Dated this 25th day of August, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge